IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  4:03cr25/MW/CAS
                 4:16cv352/MW/CAS

DAVID WAYNE JACKSON,
    Reg. No. 87408-020,
    Defendant.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a Motion to Correct Sentence under 28 U.S.C. § 2255 and supporting memorandum of law. (ECF Nos. 55, 58.). The Government has filed a response (ECF No. 60) and Defendant David Wayne Jackson, through appointed counsel, filed a reply. (ECF No. 63.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court recommends that the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

BACKGROUND

Defendant David Wayne Jackson pleaded guilty to a single count indictment that charged him with unlawful possession of a firearm to a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e). (ECF Nos. 1, 38, 41.) There was no written plea agreement and the rearraignment has not been transcribed.

The Presentence Investigation Report ("PSR") determined that Mr. Jackson qualified as an Armed Career Criminal, and the applicable guidelines range was 180 to 210 months' imprisonment. (ECF No. 64, PSR ¶¶ 15, 21, 23, 37-40, 64, 65.)[1] On September 19, 2005, the court sentenced Mr. Jackson at the low end of this range to the enhanced statutory minimum mandatory of 180 months' imprisonment. The court ordered the sentence to run concurrently with a 327 month sentence Mr. Jackson received in the Middle District of Georgia for the offense of carrying a firearm during and in relation to a crime of violence. (ECF No. 45 at 2.)[2] He did not appeal.

---

[1] The PSR is located on the electronic docket between ECF Nos 43 and 44.
[2] Mr. Jackson unsuccessfully moved for § 2255 relief in the Georgia case, arguing that *Johnson* should be extended to § 923(c)(1)(A). See *United States v. Jackson*, U.S. Dist. Ct. M.D. Ga. Case No, 6:04cr001, ECF Nos. 58-60.

Case Nos.: 4:03cr25/MW/CAS; 4:16cv352/MW/CAS

ANALYSIS

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.  18 U.S.C. § 924(e)(1).  The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause]."  18 U.S.C. § 924(e)(2)(B)(i) and (ii).  An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.  Mr. Jackson was sentenced to a term of 180 months imprisonment.  Absent the application of the ACCA enhancement, Mr. Jackson would have faced a maximum sentence of ten years imprisonment.  *See* 18 U.S.C. § 924(a)(2).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.

Case Nos.: 4:03cr25/MW/CAS; 4:16cv352/MW/CAS

Page **4** of **7**

*Johnson*, 135 S. Ct. at 2563.  Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.  Mr. Jackson claims he does not have three ACCA predicates after *Johnson.*

Mr. Jackson's PSR identified four prior crimes of violence which presumably formed the basis for the ACCA enhancement:  Aggravated Assault, Clayton County, Georgia (1986); Terroristic Threats and Acts, Carroll County, Georgia (1989); Robbery, Pinellas County, Florida (1990); and Aggravated Assault with a Firearm, Pinellas County, Florida (1996).[3] (PSR ¶ 15.)  In his motion, Mr. Jackson does not challenge his Georgia convictions but asserts that "[e]ven if Mr. Jackson's Georgia convictions for aggravated assault and making terroristic threats still qualify under the elements clause, his Florida convictions for robbery and aggravated assault do not."  (ECF No. 58 at 5.)  He recognizes the existence of contrary Eleventh Circuit precedent, but asserts that cases holding otherwise were in error.

---

[3] These offenses were identified to support the application of Base Offense Level 24, pursuant to U.S.S.G. § 2K2.1(a)(2).

Case Nos.: 4:03cr25/MW/CAS; 4:16cv352/MW/CAS

Mr. Jackson's argument as to his robbery decision is foreclosed by the Supreme Court's January 15, 2019 decision in *Stokeling v. United States*, No. 17-5554, 2019 WL 189343, ___ S. Ct. ___ (Jan. 15, 2019). The *Stokeling* Court held, in a 5-4 decision, that robbery under Florida law qualifies as a "violent felony" under the elements clause of the Armed Career Criminal Act. Therefore, together with the two prior unchallenged Georgia convictions, Mr. Jackson has the three predicate convictions needed to support the ACCA enhancement.

<u>Conclusion</u>

Based on the forgoing, Mr. Jackson's § 2255 motion should be denied without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos.: 4:03cr25/MW/CAS; 4:16cv352/MW/CAS

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 55) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 28th day of January, 2019.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 4:03cr25/MW/CAS; 4:16cv352/MW/CAS

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 4:03cr25/MW/CAS; 4:16cv352/MW/CAS